# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TOMMIE L. CARTER,

        Plaintiff,

v.                                                                   Case No. 22-CV-549

STACEY DECESARE and
JACOB BOHL,

        Defendants.

## ORDER

      Plaintiff Tommie L. Carter, who is confined at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) Carter also filed a motion for leave to proceed without prepaying the filing fee (ECF No. 2), and two motions for an emergency screening order (ECF Nos. 7, 9). This order addresses these outstanding motions and screens his complaint.

      The court has jurisdiction to screen the complaint in light of Carter's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

# MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because Carter was incarcerated when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time through deductions from his prisoner account. *Id.*

On May 12, 2022, the court ordered that Carter pay $26.52 as an initial partial filing fee by June 11, 2022. (ECF No. 6.) Carter paid that fee on May 23, 2022. Therefore, the court will grant Carter's motion for leave to proceed without prepayment of the filing fee and allow him to pay the full filing fee over time in the manner explained at the end of this order.

## SCREENING OF THE COMPLAINT

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

2

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Carter's Allegations*

Carter alleges that on January 27, 2022, at approximately 9:30 p.m., he informed defendants Sergeant Stacey DeCesare and Correctional Officer Jacob Bohl that he was feeling depressed, suicidal, and that he was going to harm himself. (ECF No. 1, ¶ 6.) DeCesare and Bohl did not take any action, telling Carter that he was just seeking attention. (*Id.*, ¶ 7.) Carter used a razor blade to cut the artery in his left arm and the right side of his neck. (*Id.*, ¶ 8.) Carter then swallowed the razor blade. (*Id.*) Carter, who is not diabetic, also used another inmate's needle and injected himself with a significant amount of insulin, causing an overdose. (*Id.*, ¶ 9.) Carter was taken to Waupun Memorial Hospital via an ambulance, where the laceration on his left arm was closed with 23 staples, and the cut on his neck was closed with 3 stitches. (*Id.*, ¶¶ 10-11.)

*Analysis*

Carter claims that the defendants violated his Eighth Amendment rights when they ignored his warning that he was feeling suicidal and was going to harm himself. The Eighth Amendment "protects prisoners from prison conditions that cause 'the wanton and unnecessary infliction of pain.'" *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). "A § 1983 claim based upon a violation of the Eighth Amendment has both an objective and subjective element: (1) the harm that befell the prisoner must be objectively, sufficiently serious and a substantial risk to his or her health or safety, and (2) the individual defendants were deliberately indifferent to the substantial risk to the

4

prisoner's health and safety." *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006). "All agree that suicide is an objectively serious medical condition. Our case law makes equally clear that prison officials cannot intentionally disregard a known risk that an inmate is suicidal." *Lord v. Beahm*, 952 F. 3d 902, 904 (7th Cir. 2020). Carter warned the defendants he was going to harm himself and alleges they ignored him. Carter then self-inflicted life-threatening wounds as well as overdosing on insulin. He may proceed on an Eighth Amendment claim against the defendants.

## MOTIONS FOR EMERGENCY SCREENING ORDER (ECF NOS. 7, 9)

On May 12, 2022, and June 24, 2022, Carter filed motions asking the court to screen the case to "get the ball rolling." (ECF No. 7 at 2; ECF No. 9 at 2.) Carter is an experienced litigator, having brought over 30 cases before this court. He is aware that the court has a number of other matters that require its attention, including a number of lawsuits brought by other prisoners seeking relief not unlike that sought by Carter. The court has not been dilatory in screening Carter's complaint and has not been spurred on to screen Carter's complaint by his motions. He is encouraged to refrain from filing similar motions in the future. Because the court is now screening his complaint, it denies his motions as moot.

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Carter's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Carter's motions for emergency screening of the complaint (ECF Nos. 7, 9) are **DENIED as moot**.

5

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants Stacey DeCesare and Jacob Bohl. It is **ORDERED** that, under the informal service agreement, the defendants shall file a pleading responsive to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the agency having custody of Carter shall collect from his institution trust account the $323.48 balance of the filing fee by collecting monthly payments from Carter's prison trust account in an amount equal to 20% of the preceding month's income credited to Carter's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Carter is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Carter is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> 517 E. Wisconsin Avenue, Room 362
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Carter is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Carter is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Carter's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Carter may find useful in prosecuting his case.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Dated at Milwaukee, Wisconsin this 11th day of July, 2022.

                    BY THE COURT

                    *William E. Duffin*
                    WILLIAM E. DUFFIN
                    United States Magistrate Judge